By the Court.—Sedgwick, Ch., J.
The action was under the statute for damages for causing the death of plaintiff’s intestate by negligence.
The intestate had been employed to work in the yard of the defendant, by one who had contracted with the defendant to lay water-pipe in the yard. The intestate was working under that employment at the time he was killed. There were many tracks in the yard, parallel, converging and crossing, on which trains were made up and broken up, with the use • of locomotive engines. The intestate had been working there about one week. At the time of the accident two of his fellows had been digging a trench. A track, on which the freight car that struck the intestate ran, crossed the trench. Part of the trench was between this track and another track on which a passenger train ran. Just before the accident the intestate was between the two tracks, spreading about dirt which was thrown from the trench. *37 He had stopped his work and the place where he stood, within a short time before he was struck, was indefinitely described by the witness, but the distance between the tracks was about nine feet seven inches. Cars running upon the tracks would overhang them, in the case of a passenger car two feet three inches, and in the case of a freight car one foot and six inches. A passenger train was moving on the one track easterly at a distance of 125 feet from . where Collins, the intestate, stood. One McCaffery, a servant of defendants, had at this time switched a track, on which the freight car afterwards ran, so that it might run upon it. The freight car did not run upon the track immediately after the switching. Before it ran McCaffery noticed the passenger train in motion and called out to Collins, as the jury might have found, to be on his guard against the passenger train.' At this point the freight car came over its track westerly, but McCaffery did not notice its. coming until it was within two or three feet from Collins,-who from the time his attention was called to the passenger train by McCaffery, had moved away from the passenger track and towards the freight track. McCaffery saw that he was in danger from the freight car only when Collins was so near the line that the outside of the freight car would take, that the accident was unavoidable. McCaffery therefore did not say anything to Collins, and Collins was struck upon the shoulder by the freight car, and the injury he received caused his death. McCaffery saw that Collins looked in the direction of the coming freight car, over his shoulder, and tried to get out of the way, but when it was too late. The testimony would have justified the jury in finding against McCaffery’s testimony on this point, that Collins was not at any time upon the freight track, and was struck by the overhanging part of the car.
It is maintained, in the first place, by the learned counsel for appellant, that Collins was in safety between *38 the two tracks; that common prudence required him to remain there ; and that if he moved away, as he did, from the place of safety, he was bound to look upon the freight track for any approaching car. At the time Collins was struck the passenger car had not come up and passed him. The general rules on that subject laid down, to be applied to circumstances generally existing, are not to be considered apart from the peculiarity of this case, that it was a question for the jury as to the extent to which the mind of a man of ordinary prudence might be affected by the situation and the specific direction of the defendant’s servant as to the passenger train. When the defendant’s servant, having the whole field of danger in view, turned the attention of Collins solely to the passenger train, a jury might find that it was not a want of ordinary prudence to give so much attention to that train, that it led to a want of ordinary attention to a possible danger from a car on the freight track, especially when McCaffery did not give a warning as to the freight car, and in fact did not notice its coming in time for Collins to be prepared for it. The situation was peculiar. The space between the tracks furnished safety for Collins, certainly, if he were without the nerves and the sensations of persons not engaged in railroad matters. Such persons are not in the habit of standing within three feet of a passing train going very rapidly, with the usual puffing and escape of steam. Six feet away would, the jury might find, be a distance that ordinary persons might seek. I therefore think that the judge was right in leaving to the jury to determine whether the intestate was negligent. For like reasons the court properly refused to charge that it was the duty of the deceased to have looked for an approaching car on the freight track.
The. court was asked to charge certain propositions based upon the assumption that the deceased was a licensee. The deceased was not a licensee. He had *39 been in effect induced and requested by the defendant to come upon the yard and work in it, for defendant’s benefit as well as his own. Cordell v. The N. Y. C. & H. R. R. Co., 70 N. Y. 119. As to one so present, the defendant owed a duty to be ordinarily prudent in the conduct of its business.
Certain requests presented the proposition that the defendant was not bound to do the things described in the requests. The court rightly refused to charge these matters, because, under the charge as made, the liability of the defendant was not made to rest upon the doing of these things, but upon defendant’s want of care in the running the car upon Collins under the "circumstances..
I am of opinion the judgment and order should be affirmed, with costs.
Freedman, J., concurred.